UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LINDA WELLS, as next friend and mother of O. G. W., L. K. W. and G. S. W., Minor Children of and Heirs at Law of JAMES F. WALL, II, deceased.<br><br>Plaintiffs,<br><br>vs.<br><br>SUNBELT RENTALS, INC. and MULTIQUIP, INC.,<br><br>Defendants . | NO: 3:2013-cv-00194<br><br>JURY TRIAL DEMAND<br><br>TRAUGER/BROWN |

---

**CASE MANAGEMENT ORDER NO. 1**

---

**A.      JURISDICTION**

The parties agree that subject matter jurisdiction exists under diversity of citizenship, 28 U.S.C. § 1332. The parties also agree that this Court has personal jurisdiction over both Defendants.

**B.      PARTIES' THEORIES OF THE CASE**

    **1.      Plaintiff's Theory of the Case**

This case arises out of the death of James F. Wall, II on September 18, 2011 from carbon monoxide poisoning. The source of the carbon monoxide was a portable generator rented from Defendant Sunbelt Rentals, Inc. ("Sunbelt") and manufactured and/or distributed by Defendant Multiquip Inc. ("Multiquip"). Even though a warning decal affixed to the generator stated that "To avoid injury, you MUST read and understand owner's manual before using machine" no owner's, operator's or other manual was furnished by Sunbelt with the generator when the

generator was rented. Moreover, no instructions were given by or on behalf of Sunbelt on the safe use of the generator. The generator was not properly maintained. The generator was defective and unreasonably dangerous, and the warning decals affixed to the generator did not adequately warn of the dangers associated with using the generator or adequately instruct foreseeable users on how to use the generator safely.

As a result of James Wall's death, plaintiffs have sustained damages. Among those damages is the loss of consortium experienced by O. G. W., L. K. W. and G. S. W., a daughter and two sons, as a result of their father's death.

2. **Defendants' Theory of the Case**

**Sunbelt Rentals, Inc.**

Sunbelt Rentals, Inc., denies that any act or omission of Sunbelt constitutes fault which caused or contributed to cause the accident and injuries alleged by plaintiffs. Sunbelt alleges that if the plaintiffs' allegations that the generator was defective or unreasonably dangerous, by design or manufacture, including, but not limited to labeling, are proven true, then that may constitute sole fault or comparative fault as to Denyo, and/or Multiquip, in mitigation or bar of any recovery against Sunbelt. Sunbelt alleges that if the plaintiff's allegations as to a not working carbon monoxide detector in the camper trailer are proven true, then that may constitute sole fault or comparative fault as to Gear-to-Go (the United States of America) in mitigation or bar of any recovery against Sunbelt. Sunbelt alleges sole fault or comparative fault as to those using, placing, or renting the camper trailer, and/or the generator. Sunbelt pleads the applicable provisions of the rental agreement for the generator in mitigation or bar of the claims against it. Finally, Sunbelt denies that the plaintiff has stated a claim against it for punitive damages.

### Multiquip, Inc.

Plaintiff's wrongful death claims arise out of the deaths of the occupants of a recreational camper trailer who died as a result of carbon monoxide toxicity. The occupants were sharing a camper trailer that had been rented from Gear-to-Go, an agency of the United States. Plaintiff alleges that the camper trailer did not have a functioning carbon monoxide detector at the time of the incident. The occupants were also using a gasoline powered generator in close proximity to an open hatch or compartment on the camper trailer, contrary to the labeling and warnings affixed to the generator. The generator had been rented from Sunbelt. Sunbelt had previously purchased the generator from Multiquip. Multiquip sold, but did not manufacture, the subject generator.

As more fully set for the in Multiquip's answers, Multiquip denies Plaintiff's claims against Multiquip, and denies that it is otherwise liable to the Plaintiff. Multiquip asserts the acts or omissions of others over whom Multiquip had no control caused or contributed to cause plaintiff's alleged damages, including but not limited to the acts or omissions of said parties relating to the use of the generator in close proximity to the camper trailer and the inoperable carbon monoxide detector, which bars or reduces Plaintiffs's claims, and the fault of said parties should be compared under applicable Tennessee law.

**C.    TARGET TRIAL DATE AND EXPECTED LENGTH OF TRIAL**

The parties agree that at this time it is too early to project a trial date. Plaintiff plans to file a lawsuit against the United States under the Federal Tort Claims Act ("FTCA") in connection with the absence of a functioning carbon monoxide alarm/detector in the camper/RV occupied by James Wall at the time of his death. Plaintiff expects to request that the FTCA lawsuit be consolidated with this case. Further, Plaintiff may add Denyo Co., Ltd. as a

Defendant in this case since Sunbelt has identified Denyo Co., Ltd. as a non-party whose actions may constitute fault.

D.   IDENTIFICATION OF ISSUES RESOLVED/DISPUTED

   1.   Issues Resolved

The parties agree that this Court has jurisdiction over the subject matter of this action and over the parties.  The parties further agree that venue lies with this Court and that both Defendants have been properly served with process.  The parties also agree that James Wall died as a result of carbon monoxide poisoning.

   2.   Issues in Dispute

All other issues, including liability, causation and the extent of Plaintiff's damages, are in dispute.

E.   COUNTERCLAIMS, CROSS-CLAIMS, THIRD-PARTY CLAIMS

The parties do not anticipate the filing of any Counterclaims, Cross-Claims or Third-Party Claims.

F.   DISPOSITIVE MOTIONS

The parties anticipate that both Defendants will file dispositive motions.  The parties agree that a deadline for filing dispositive motions should not be set at this time.  Briefs shall not exceed 20 pages.  No motion for **partial** summary judgment shall be filed except upon leave of Court.  Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of the overall economy of time and expense for the parties, counsel and the Court.

### G. DISCOVERY

Discovery is not stayed during dispositive motions, unless ordered by the Court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including sub-parts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with the Court.

### H. MANDATORY INITIAL DISCLOSURES

In light of the posture of this case, including the potential addition of defendants, the parties agree that the initial disclosures required by Fed. R. Civ. P. 26(a) (1) should be made within 14 days of a subsequent Case Management Conference, to be set by the Court on or after August 2, 2013.

### I. STAY OF DISCOVERY

In light of the posture of this case, as described above, the parties agree that discovery should be stayed until a second Case Management Conference, to be set by the Court on or after August 2, 2013.

### J. OTHER DEADLINES

The parties agree that no other deadlines should be set at this time.

### K. ALTERNATIVE DISPUTE RESOLUTION

While this may be an appropriate case for alternative dispute resolution, any mediation or other ADR should not be scheduled until any additional parties are before the Court.

**L.   ADDITIONAL CASE MANAGEMENT CONFERENCES**

The parties agree that a further Case Management Conference should be scheduled on or after August 2, 2013.

**M.   OTHER MATTERS**

The parties agree that no other matters need to be addressed by the Court at this time.

Entered this 3rd day of ~~April~~ May, 2013.

_____
Judge Aleta Trauger

**APPROVED FOR ENTRY:**

MINK & DUKE, PLLC

/s/Thomas F. Mink, II
Thomas F. Mink, II, BPR # 006067
Charles M. Duke, BPR # 23607
P.O. Box 198742
219 Second Avenue, North, Suite 400
Nashville, Tennessee 37219-8742
(615) 256-0138
(615) 730-5997 Fax
tmink@minkdukelaw.com
mduke@minkdukelaw.com

Attorneys for Plaintiff

s/ Alan B. Easterly by TFM w/ permission
Alan B. Easterly (TNBPR#005398)
Leitner, Williams, Dooley & Napolitan PLLC
801 Broad Street, Third Floor
Chattanooga, TN 37402-2621
Phone: (423) 265-0214
Fax: (423) 308-0905
alan.easterly@leitnerfirm.com

James P. Catalano (TNBPR#018585)
Leitner, Williams, Dooley & Napolitan PLLC
414 Union Street, Suite 1900
Nashville, TN  37219
Phone:   (615) 255-7722
Fax :     (615) 780-2210
Email:  jim.catalano@leitnerfirm.com

Rebecca E. Bell (TXBPR#24026795)
Fee, Smith, Sharp & Vitullo LLP
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, TX 75240
(972) 934-9100 – Phone
(972) 934-9200 – Fax
Email: rbell@feesmith.com

*Attorneys for Sunbelt Rentals*


s/ Randy P. Scheer by TFM w/ permission
Randy P. Scheer (MOBPR#37214)
S. Jacob Sappington (MOBPR#51810)
Kenneth A. Sprenger (MOBPR#57738)
Sanders, Warren & Russell LLP
1949 E. Sunshine, Corporate Ctr. 2-102
Springfield, MO 65840
(417) 281-5100 –Phone
(417) 281-5199 – Fax
Email: r.scheer@swrllp.com
j.sappington@swrllp.com
k.sprenger@swrllp.com

Michael K. Alston (TNBPR#013697)
Husch Blackwell LLP
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
(423) 755-2651 – Phone
(423) 266-5499 – Fax
michael.alston@huschblackwell.com

*Attorneys for Multiquip*